UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDSEY ELLEN DUNNING,

    Plaintiff,

v.                           Case No. 8:14-cv-683-T-33AEP

THE BRICKS OF YBOR, LLC, and
BRIAN W. SCHAEFER,

    Defendants.
_____/

**ORDER**

This cause comes before the Court in consideration of the parties' Joint Motion to Approve Release Agreement (Doc. # 32), filed on July 22, 2014. The Court grants the Motion.

**I.    Background**

Plaintiff Lindsey Ellen Dunning, a bartender and restaurant server, filed this FLSA action against Defendants The Bricks of Ybor, LLC, and Brian W. Schaefer, her former employers, on March 19, 2014. (Doc. # 1). Defendants each filed an Answer to the Complaint on April 11, 2014. (Doc. ## 7, 8). The Court entered its FLSA Scheduling Order on April 14, 2014. (Doc. # 9). Dunning filed a Notice of Filing Consent to Join Collective action on behalf of Ashley Taylor and Stephanie Taylor on April 25, 2014, and May 16, 2014, respectively. (Doc. ## 10, 16).

On July 8, 2014, the parties filed a Joint Report Regarding Settlement in which the parties advised the Court that they had reached a settlement of this matter and were "in the process of finalizing a Joint Motion for Court Approval of Settlement." (Doc. # 27). The Court thereafter directed the parties to file their joint motion for approval of settlement on or before July 22, 2014. (Doc. # 28).

On July 22, 2014, the parties filed a joint motion for in camera inspection of the release agreement, which this Court granted. (Doc. ## 30, 31). Also on July 22, 2014, after delivering a copy of the relevant agreement to the Court, the parties filed the present Joint Motion to Approve Release Agreement. (Doc. # 32). The Court has reviewed the Motion, as well as the agreement, and is otherwise fully advised in the premises.

## II. Analysis

Dunning alleges that the Defendants violated the terms of the Fair Labor Standards Act. Accordingly, any settlement reached between the parties is subject to judicial scrutiny. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 (11th Cir. 1982). The Court, at the parties' request, has reviewed the terms of the agreement, and finds the terms to be a fair and reasonable resolution of the FLSA claims in

this case.

In the Motion, the parties represent that the attorney fees to be paid to Dunning's counsel were negotiated separately and without regard to the other terms of the settlement. (Doc. # 32 at 2). The parties also represent that, although they disagree as to the validity of Dunning's allegations of unlawful conduct and liability, they have negotiated a settlement of this matter "[t]o avoid the costs and uncertainty of litigation." (<u>Id.</u> at 1).

Pursuant to <u>Bonetti v. Embarq Management Company</u>, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009) and other governing law, the Court approves the compromise reached by the parties in an effort to amicably settle this case.[1] The settlement is fair on its face and represents a reasonable compromise of the parties' dispute.

---

[1] In <u>Bonetti</u>, the court explained: "[I]f the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement, including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel."  715 F. Supp. 2d at 1228.

3

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) The Joint Motion to Approve Release Agreement (Doc. # 32) is **GRANTED**.

(2) The parties' settlement agreement is approved. This case is dismissed with prejudice pursuant to the agreement.

(3) The Clerk is directed to terminate any pending motions and thereafter to close this case.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22nd</u> day of July, 2014.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record

4